IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO. 1:13CR-00187-2 |
| | * | |
| TIERRA MICHELLE WATERS, | * | HON. ORINDA DALE EVANS |
| | * | |
| _____Defendant. __ | * | |

**SENTENCING MEMORANDUM**

**COMES NOW** Defendant Tierra Michelle Waters, and makes this, her Sentencing Memorandum, and shows this Honorable Court the following:

**Sentencing Memorandum**

The guidelines are to be used in conjunction with the factors set forth in 18 U.S.C. §3553. The ultimate test is, once the guidelines and the §3553 are applied, is the sentence arrived at reasonable? See United States v. Pugh, 515 F.3d 1179 (2008).

18 U.S.C. §3553 sets forth the factors to be considered in imposing a sentence.

1) The nature and circumstances of the offense, and the history and characteristics of the Defendant;

2) The need for the sentence imposed;

   A. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   B. To afford adequate deterrents to criminal conduct;

   C. To protect the public from further crimes of the Defendant; and

   D. To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3) The kinds of sentences available;

4) The kinds of sentencing range established by the guidelines;

5) Any pertinent policy statement issued by the Sentencing Commission;

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to any victims of the offense.

## The Nature and Circumstances of the Offense and the Characteristics of the Defendant

Ms. Waters was a victim of codefendant Steven Thompson, as was *"C.R.,"* the juvenile in this case. At trial, Ms. Waters testified as to the pattern of violence Mr. Thompson perpetrated on her:

**Q:** Did he ever say anything about killing you?

**A:** Yes.

**Q:** And could you tell the jury when he told you he would kill you?

**A:** He would tell me that all the time.

**Q:** Is there a particular time that he told you that he would kill you with regard to a balcony?

**A:** Yes. I was on the balcony at his condo, and he just came out there and one day I *[sic]* said, you know, ***"I could throw you off this balcony and nobody would ever question it because I am already on ecstasy pills or high."*** And he said that ***"I could just say you jumped and they'll believe me."***

**Q:** Was there another occasion when he tried to kill you?

**A:** There was an occasion when we were driving and he said we were both going to die.

**A:** Yes. We were in the car, and he crashed the car on purpose.

3

**Q:** I am sorry you got interrupted. You were in the car and the defendant said what to you?

**A:** That we both were going to die.

**Q:** And then what happened?

**A:** He crashed the car in a pole and we both had to go to the emergency room.

**Q:** Was there another occasion where he tried to kill you?

**A:** Yes. There were so many, I think.

**Q:** Was there an occasion involving a bathtub?

**A:** Yes. He came in the bathroom when I was in the tub and told me ***"Bitch, you know I will kill you."***

*(See Trial Transcript, pages 86-88.)*

In addition to the threats of violence, Mr. Thompson used violence on Ms. Waters. *(See Presentence Report, Paragraph 15.)* Counsel for Ms. Waters was present during her debriefing, and at her debriefing Ms. Waters reported numerous instances of physical violence against her by Mr. Thompson. Her debriefing was consistent with interviews I conducted as part of the representation.

As far as the criminal history of the Defendant, Ms. Waters had no prior violent offenses, and only one felony conviction.

4

### The Need for the Sentence Imposed

There is no question that a significant sentence is appropriate in this matter.  However, it is not necessary in Ms. Waters' case that she receive a sentence in accordance with the Presentence Report Guidelines ranges.  A sentence substantially below the guideline range would be appropriate in the instant matter, considering Ms. Waters' substantial assistance and the abuse she suffered at the hands of Mr. Thompson.

### The Kinds of Sentences Available

There is no mandatory minimum sentence in regard to Ms. Waters' case.  Therefore, the Court has a free hand to craft a sentence that is appropriate for her situation and, of course, taking into account her cooperation and testimony for the Government in the instant matter.

### The Need to Provide Restitution to Any Victims of the Offense

The juvenile, *"C.R.,"* is the victim, and restitution is calculated at $22,500.  Counsel for the Defendant anticipates that codefendant Steven Thompson will receive a substantial sentence of 35 years or more.  There is

no reasonable likelihood that Mr. Thompson will be able to pay much, if any, restitution. If *"C.R."* is to receive restitution in this matter, it can only come from Ms. Waters.

Based on the foregoing, counsel for Defendant Tierra Michelle Waters respectfully suggests that a sentence of 96 months would be a more appropriate, fair and reasonable sentence, given all of the circumstances of this matter.

                                              Respectfully submitted,

                                              s/D. Jones_____
                                              DAVID H. JONES
                                              State Bar No. 405585
                                              Counsel for Defendant
                                              Tierra Michelle Waters

King, King & Jones, P.C.
Studioplex
659 Auburn Avenue
Suite 141
Atlanta, Georgia  30312
(404) 522-8484
(Fax) 522-8481

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum was formatted in the Times New Roman 14 pt. Font in accordance with Local Rules 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following Assistant United States Attorney of record:

>Susan Coppedge, Esq.
>Leslie Abrams, Esq.
>Assistant United States District Attorney
>600 Richard B. Russell Building
>75 Spring Street, NW
>Atlanta, Georgia  30303

This the 25th day of September, 2014.

>Respectfully submitted,

>s/D. Jones_____
>DAVID H. JONES
>State Bar No. 405585
>Counsel for Defendant
>Tierra Michelle Waters

King, King & Jones, P.C.
Studioplex
659 Auburn Avenue
Suite 141
Atlanta, Georgia  30312
(404) 522-8484
(Fax) 522-8481